229 F.3d 424 (2nd Cir. 2000)
 LEE N. KOEHLER, Plaintiff-Appellant,
v.
THE BANK OF BERMUDA (NEW YORK) LIMITED, a New York Corporation, THE BANK OF BERMUDA LIMITED, a Bermuda Corporation, REEFS BEACH CLUB LIMITED, a Bermuda Corporation, and A. DAVID DODWELL, a Bermuda citizen, Defendants-Appellees.
 No. 98-9624
 UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
 Argued: August 30, 1999.
Decided: April 10, 2000.
Order Amending Opinion Filed:
September 25, 2000.
 
 At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 25th of September, 2000
 PRESENT: HONORABLE JON O. NEWMAN, HONORABLE RICHARD J. CARDAMONE, HONORABLE DENNIS JACOBS, Circuit Judges.
 
 ORDER
 
 1
 The opinion of the Court, issued as a slip opinion beginning on page 2273, and reported in the Federal Reporter at 209 F.3d 130, is amended as follows:
 
 
 2
 In the penultimate sentence of the penultimate paragraph, i.e., slip op. p. 2288, last line (209 F.3d at 139, right-hand column, line 3), a call for a new footnote 1 is added at the word "case"; the text of the new footnote 1 is as follows:
 
 
 3
 1. The writer and Judge Newman feel constrained by the precedential force of Matimak. Were the question open in this Circuit, both would rule that citizens of Bermuda and other British Dependent Territories are sufficiently subject to the sovereignty of the United Kingdom to satisfy the alienage clause of the diversity statute, even though the U.K. might not regard them as U.K. subjects for all purposes of U.K. law.